UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLES JEAN-BAPTISTE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:21-cv-01229 (VLB) |
| OFFICER STACIE SAVAGE, et al.,<br>    Defendants. | :<br>:<br>: |

### INITIAL REVIEW ORDER

Plaintiff Oles Jean-Baptiste, an unsentenced inmate [1] currently in the custody of the Connecticut Department of Correction ("DOC") at New Haven Correctional Center ("NHCC"), filed the instant action under 42 U.S.C. § 1983 against City of Montville Police Officer Stacie Savage, Montville Police Department, and the Town or City of Montville. Compl. [ECF No. 1].[2] The Court construes his complaint as asserting claims for damages based on Fourth Amendment violation.

For the following reasons, the Court will permit Plaintiff's Fourth Amendment excessive force and state law assault and battery claims to proceed beyond initial review.

**I.     STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a]

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The DOC website reflects that Jean-Baptiste is currently an unsentenced prisoner in the custody of the DOC. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=249440.

[2] Plaintiff is proceeding *in forma pauperis*. [ECF No. 7].

complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

II. **ALLEGATIONS**

Plaintiff alleges the following facts that are considered to be true for purposes of initial review.

On the morning December 26, 2019, Plaintiff arrived at his friend's house in Montville, Connecticut.  Compl. [ECF No. 1 ¶ 1].  He was in the driveway of the house when Officer Stacie Savage pulled into behind him.  Id.  He got out of the Jeep to go wake up his friend when Officer Savage got out of her vehicle and grabbed him from behind by the neck with a chokehold.  Id. ¶¶ 4-6.  She pulled his dreadlocks out of his head and beat him.  Id. ¶ 7.  Officer Savage stated that she took this action because Plaintiff looked suspicious.  Id. ¶ 9.

Plaintiff was injured by Officer Savage and had to spend six to eight hours in the New London Hospital after his friend took him to the emergency room.  Id. ¶¶ 9-10.

The Court takes judicial notice of the case details K21N-MV20-0201778-S and K21N-CR20-0161901-S on the Connecticut Judicial website that show Jean-Baptiste was arrested on December 26, 2019 for the misdemeanor of disobeying an officer's signal and interfering with or resisting the officer.[3]

## III. DISCUSSION

Plaintiff's allegations raise Fourth Amendment concerns.

### A. Excessive Force

The Fourth Amendment protects the rights of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const., amend. IV.  The Fourth Amendment's protection against

---

[3] https://www.jud2.ct.gov/crdockets/parm1.aspx.

unreasonable seizures prohibits the use of excessive force by police officers in arresting suspects. See *Hemphill v. Schott*, 141 F.3d 412, 416-17 (2d Cir. 1998).

To state a plausible Fourth Amendment excessive force claim, a plaintiff must show that the force used by the Defendants was "objectively unreasonable." *Graham*, 490 U.S. at 397. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, *id.* at 396, and it "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Hemphill*, 141 F.3d at 417.

For initial pleading purposes, Plaintiff's allegations are sufficient to suggest that Defendant Savage subjected Plaintiff to gratuitous, unprovoked and unwarranted excessive force.

Accordingly, the Court will permit this claim to proceed against Officer Savage for damages.

B. False Arrest or Malicious Prosecution

The Court considers also whether Plaintiff's allegations raise a claim for false arrest or malicious prosecution.

The Second Circuit has held that claims for false arrest or malicious prosecution asserted under § 1983 "to vindicate the Fourth ... Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law."  *Jocks v. Tavernier*, 316 F.3d 128,

4

134 (2d Cir. 2003) (citations omitted). Under Connecticut law, "false arrest, is the unlawful restraint by one person of the physical liberty of another." *Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 318 (D. Conn. 2009) (quoting *Green v. Donroe*, 186 Conn. 265, 267, 440 A.2d 973, 974 (1982)). A plaintiff bringing a false arrest claim under Connecticut law must have had the underlying charges terminated in his or her favor. *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (noting favorable termination is an element of a section 1983 claim for false arrest under Connecticut law).

To establish a claim for malicious prosecution under Connecticut law, a plaintiff must prove four elements: "'(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.'" *Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017) (quoting *Brooks v. Sweeney*, 299 Conn. 196, 210–11, 9 A.3d 347, 357 (2010)). The favorable termination requirement "demands a 'show[ing] that the underlying criminal proceeding ended in a manner that *affirmatively indicates [the arrestee's] innocence.*'" *Allen v. Harkins*, No. 3:20-cv-00964 (JAM), 2020 WL 4369125, at *2 (D. Conn. July 30, 2020) (quoting *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018) (emphasis added)). Such an affirmative indication may be satisfied by a *nolle* "if a plaintiff can demonstrate that the criminal charges against [him] were discharged without a trial under

5

Case 3:21-cv-01229-VLB   Document 8   Filed 11/12/21   Page 6 of 11

circumstances amounting to the abandonment of the prosecution without request by him or arrangement with him[.]" *Conquistador v. Zweibelson*, No. 3:17-cv-00132 (KAD), 2019 WL 4758350, at *3 (D. Conn. Sept. 30, 2019) (citation and quotation omitted).

Plaintiff has not alleged any facts about his arrest, and the Connecticut Judicial website shows that his charges are still pending.

Accordingly, Plaintiff's complaint fails to raise a plausible Fourth Amendment claim based on false arrest or malicious prosecution.

### C. Montville Police Department

Plaintiff also brings his complaint against the Montville Police Department. However, a municipal police department is not an independent legal entity and, therefore, is not subject to suit under section 1983. *See Rose v. City of Waterbury*, No. 3:12-cv-00291 (VLB), 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (Connecticut statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued ... Rather, ... it is the municipality itself which possesses the capacity to sue and be sued."); *see also Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (holding that municipal police department is not a municipality or a person subject to suit under section 1983) (citing cases).

Accordingly, the Court must dismiss Plaintiff's claim brought under 42 U.S.C. § 1983 against the Montville Police Department.

### D. City or Town of Montville

Plaintiff names as a defendant the City or Town of Montville. However, "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). "[A] municipality may not be held liable under § 1983 on a *respondeat superior* theory." *Id.* Instead, *Monell* provides that a municipality may be vicariously liable for unconstitutional police misconduct only if the misconduct was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (describing scope and limitations of municipal liability under *Monell*).

Plaintiff has not alleged sufficient facts to suggest that any use of excessive force applied against him was the product of any municipal policy, custom, or practice. Moreover, he provides no factual allegations concerning any specific training deficiency or any manner in which lack of supervisory oversight caused the alleged use of excessive force. *See Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (affirming dismissal of conclusory *Monell* claim based on the existence of an official policy or custom). Generally, isolated instances of excessive force by non-policymaking municipal employees are "not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of*

*East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) ("municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'"). Accordingly, the Fourth Amendment claims of excessive force must be dismissed against the City or Town of Montville.

E.  State Law Claims

The Court also considers whether Plaintiff has raised state law claims of assault and battery based on the use of excessive force.

In Connecticut, a civil assault is defined as "the intentional causing of imminent apprehension of harmful or offensive contact with another." *German v. Dzurenda*, No. 3:09-cv-01316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011). "[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.* (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334, n.3 (1975)).

For purposes of initial review, Plaintiff's allegations are sufficient to raise an inference that he was subjected to assault and battery.

Accordingly, the Court will permit Plaintiff's state law claims for assault and battery to proceed against Officer Savage.

8

**ORDERS**

**The Court enters the following orders:**

**(1) The case will proceed on Plaintiff's Fourth Amendment excessive force claim against Officer Stacey Savage for damages, and on his state law assault and battery claim against Officer Savage for damages.**

**All other claims are DISMISSED without prejudice.**

**(2) Within twenty-one (21) days of this Order, the Clerk shall mail a waiver of service of process request packet, including a copy of the complaint and this order to defendant Officer Stacie Savage in her individual capacity at the Montville Police Department, 11 Norwich-New London Turnpike, Uncasville, CT 06382. The Clerk shall report to the Court on the status of the waiver requests on the thirty-fifth (35th) day after mailing. If Officer Savage fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on Officer Savage, and Officer Savage shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).**

**(3) Officer Savage shall file a response to complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Officer Savage chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above. Officer Savage may also include any and all additional defenses permitted by the Federal Rules.**

**(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be**

completed within six months (180 days) from the date of this Order. Discovery requests need not be filed with the Court.

(7) All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) Under Local Court Rule 83.1(c)2, Plaintiff MUST notify the Court of his current address. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the Defendant or defense counsel of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant's counsel by regular mail.

/s/
**Vanessa L. Bryant**
**United States District Judge**

**SO ORDERED at Hartford, Connecticut: November 12, 2021.**